eFiled
8/6/2025 4:37:59 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

THE ESTATE OF TOI HODGINS
BY AND THROUGH THE PERSONAL
REPRESENTATIVE TYO HODGINS
c/o Daniel Berke, Esquire
**CHASENBOSCOLO** INJURY LAWYERS
7852 Walker Drive, Suite 300
Greenbelt, MD 20770

Plaintiff

v.

DISTRICT OF COLUMBIA CVS
PHARMACY, LLC. d/b/a
CVS PHARMACY # 1360
One CVS Drive
Woonsocket, RI 02895
Serve On: Resident Agent
CT CORPORATION SYSTEM
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

Defendant

2025-CAB-005197

Case No.: ____________________

**COMPLAINT**

(Negligence; Agency/Vicarious Liability; Negligent Hiring, Training, Retention, and Supervision)

## I. INTRODUCTION

1. The Estate of Toi Hodgins, via the Personal Representative Tyo Hodgins, by and through counsel, Daniel Berke, and **CHASENBOSCOLO** Injury Lawyers, brings this cause of action on behalf of the Estate of Toi Hodgins, against Defendant District of Columbia CVS Pharmacy, LLC., for damages resulting from a slip and fall injury which occurred as a result of the negligence, agency/vicarious liability, negligent hiring, training, retention, and supervision, of Defendant's choices to allow a defective, dangerous condition to exist on its premises located at

2724 Good Hope Road, S.E., Washington, DC 20020. Plaintiff, in support thereof, states as follows:

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is founded upon D.C. Code 11-921, et seq, 2001 Edition, as supplemented.

3. Jurisdiction of this Court is founded upon D.C. Code 13-423, et seq, 2001 Edition, as supplemented.

## III. PARTIES

4. Toi Hodgins (hereinafter "Ms. Hodgins"), is a deceased adult female, who was previously a resident of the District of Columbia.

5. Defendant District of Columbia CVS Pharmacy, LLC. (hereinafter "Defendant CVS Pharmacy") is a Rhode Island corporation authorized to do business in the District of Columbia, that regularly conducts business in the District of Columbia, that owns and manages properties, including in the District of Columbia, and leased, operated, and/or maintained the storefront located at 2724 Good Hope Road, S.E., Washington, DC 20020 (hereinafter "the Premises").

## IV. STATEMENT OF FACTS

6. On December 6, 2022, Ms. Hodgins was an invitee on the Premises and was shopping.

7. At the time of the incident, it was raining outside.

8. As Ms. Hodgins was walking through the store, she stepped on a section of the floor of the Premises that was wet. The color of the floor, and the store's lighting at the time of the incident, prevented Ms. Hodgins from seeing the wet floor before she stepped on it. There was no marking, signage, or other warning to invitees such as Ms. Hodgins that the section of floor where she was walking was wet.

9. Ms. Hodgins slipped on the wet floor, fell, and was injured.

10. Defendant CVS Pharmacy carried out its business through its employees, and at all times relevant to the allegations set forth in this Complaint, Defendant CVS Pharmacy's employees were acting within the scope of their employment, and as such were agents of Defendant CVS Pharmacy.

11. It is the duty of Defendant CVS Pharmacy, including its agents, servants, and employees, to prevent defective, dangerous conditions from being present on its Premises.

12. It is the duty of Defendant CVS Pharmacy, including its agents, servants, and employees, to maintain the floors of its Premises.

13. It is the duty of Defendant CVS Pharmacy, including its agents, servants, and employees, to inspect its Premises to discover defective, dangerous conditions.

14. It is the duty of Defendant CVS Pharmacy, including its agents, servants, and employees, to fix defective, dangerous conditions on its Premises of which it was or should have been aware.

15. It is the duty of Defendant CVS Pharmacy, including its agents, servants, and employees, to warn of defective, dangerous conditions on its Premises of which it could not prevent or fix.

16. It is the duty of Defendant CVS Pharmacy to hire employees who are qualified to maintain its Premises.

17. It is the duty of Defendant CVS Pharmacy to hire employees who are qualified to inspect its Premises to discover defective, dangerous conditions.

18. It is the duty of Defendant CVS Pharmacy to hire employees who are qualified to fix defective, dangerous conditions on its Premises of which it was aware.

19. It is the duty of Defendant CVS Pharmacy to hire employees who are qualified to warn of defective, dangerous conditions on its Premises of which it was or should have been aware and could not prevent or fix.

20. It is the duty of Defendant CVS Pharmacy to train its employees to inspect its Premises to discover defective, dangerous conditions.

21. It is the duty of Defendant CVS Pharmacy to train its employees to fix defective, dangerous conditions on its Premises of which it was aware.

22. It is the duty of Defendant CVS Pharmacy to train its employees to warn of defective, dangerous conditions on its Premises of which it was or should have been aware and could not prevent or fix.

23. It is the duty of Defendant CVS Pharmacy to supervise its employees to be sure its Premises are maintained.

24. It is the duty of Defendant CVS Pharmacy to supervise its employees to be sure that they inspect the Premises to discovery defective, dangerous conditions.

25. It is the duty of Defendant CVS Pharmacy to supervise its employees to be sure that they fix defective, dangerous conditions on its Premises of which it was aware.

26. It is the duty of Defendant CVS Pharmacy to supervise its employees to be sure they warn of defective, dangerous conditions on its Premises of which it was or should have been aware and could not prevent or fix.

27. It is the duty of Defendant CVS Pharmacy to maintain the floors of the Premises.

28. Defendant CVS Pharmacy breached its duty when it chose not to maintain its Premises.

29. Defendant CVS Pharmacy breached its duty when it chose not to inspect the Premises to discover defective, dangerous conditions.

30. Defendant CVS Pharmacy breached its duty when it chose not to fix defective, dangerous conditions on its Premises of which it was or should have been aware.

31. Defendant CVS Pharmacy breached its duty when it chose not to warn of defective, dangerous conditions on its Premises which it could not prevent or fix.

32. Defendant CVS Pharmacy breached its duty when it chose not to hire employees who are qualified to maintain its Premises.

33. Defendant CVS Pharmacy breached its duty when it chose not to hire employees who are qualified to inspect its Premises to discover defective, dangerous conditions.

34. Defendant CVS Pharmacy breached its duty when it chose not to hire employees who are qualified to fix defective, dangerous conditions on its Premises of which it was aware.

35. Defendant CVS Pharmacy breached its duty when it chose not to hire employees who are qualified to warn of defective, dangerous conditions on its Premises of which it was or should have been aware and it could not prevent or fix.

36. Defendant CVS Pharmacy breached its duty when it chose not to train its employees to maintain its Premises.

37. Defendant CVS Pharmacy breached its duty when it chose not to train its employees to inspect its Premises to discover defective, dangerous conditions.

38. Defendant CVS Pharmacy breached its duty when it chose not to train its employees to fix defective, dangerous conditions on its Premises of which it was aware.

39. Defendant CVS Pharmacy breached its duty when it chose not to train its employees to warn of defective, dangerous conditions on its Premises of which it was or should have been aware and could not prevent or fix.

40. Defendant CVS Pharmacy breached its duty when it chose not to supervise its employees to be sure that they maintain its Premises.

41. Defendant CVS Pharmacy breached its duty when it chose not to supervise its employees to be sure that they inspect the Premises to discover defective, dangerous conditions.

42. Defendant CVS Pharmacy breached its duty when it chose not to supervise its employees to be sure that they fix defective, dangerous conditions on its Premises of which it was aware.

43. Defendant CVS Pharmacy breached its duty when it chose not to supervise its employees to be sure that they warn of defective, dangerous conditions on its Premises of which it was or should have been aware and could not prevent or fix.

44. As a direct and proximate result of the conduct of Defendant CVS Pharmacy, including its employees, agents, and representatives, Ms. Hodgins sustained severe, permanent, and uncompensated harms and losses. These harms and losses include past symptoms, including immobility and a diminished capacity to perform her activities of daily living and enjoy her daily life. These harms and losses caused Ms. Hodgins to expend great sums of money for hospitals, physicians, and related care and treatment. She endured and struggled with mental and emotional harms and losses, including isolation, frustration, anxiety, fright, shock, and anguish. Ms. Hodgins lost wages and wage earning opportunities.

45. Ms. Hodgins neither contributed to the violation of the Premises safety rules which caused this fall, nor did she assume the risk of the injuries sustained.

## STATEMENT OF CLAIMS

### COUNT I
(Negligence – District of Columbia CVS Pharmacy, LLC.)

46. Ms. Hodgins incorporates the allegations of paragraphs one (1) through forty-five (45) above and, in addition, avers that the Defendant, District of Columbia CVS Pharmacy, LLC.'s choices constitute negligence, justifying an allowance of monetary damages against it.

COUNT II

Negligent Hiring, Training, Supervision – District of Columbia CVS Pharmacy, LLC.)

47. Ms. Hodgins incorporates the allegations of paragraphs one (1) through forty-six (46) above and, in addition, avers that the Defendant, District of Columbia CVS Pharmacy, LLC.'s choices constitute negligent hiring, training, and supervision, justifying an allowance of money damages against it.

COUNT III

(Agency – District of Columbia CVS Pharmacy, LLC.)

48. Ms. Hodgins incorporates the allegations of paragraphs one (1) through forty-seven (47) above and, in addition, avers that Defendant, District of Columbia CVS Pharmacy, LLC. is vicariously liable for its agents, employees, and/or representatives' choices that constitute negligence, justifying an allowance of money damages against it.

PRAYER FOR RELIEF

WHEREFORE, Tyo Hodgins, as Personal Representative of the Estate of Toi Hodgins, prays for a judgment in favor of the Estate of Toi Hodgins, against Defendant District of Columbia CVS Pharmacy, LLC., and asks that damages be allowed in an amount equal to past medical expenses, and non-economic damages in an amount exceeding ONE MILLION DOLLARS ($1,000,000.00), plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Honorable Court may deem just and proper.

JURY DEMAND

Tyo Hodgins, as Personal Representative of the Estate of Toi Hodgins, demands a trial by jury on all issues herein.

Respectfully Submitted,

**CHASEN**BOSCOLO Injury Lawyers

By: Daniel Berke

Daniel Berke, Esq.
DC Bar No.: 1720373
dberke@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
(301) 220-0050
(301) 474-1230 [fax]
*Counsel for Plaintiff*